| | |
|---|---|
| 1 | DENISE M. VISCONTI, Bar No. 214168 |
| 2 | dvisconti@littler.com<br>CHRISTINA H. HAYES, Bar No. 267153 |
| 3 | chayes@littler.com<br>LITTLER MENDELSON, P.C. |
| 4 | 501 W. Broadway, Suite 900<br>San Diego, CA 92101.3577 |
| 5 | Telephone: 619.232.0441<br>Facsimile: 619.232.4302 |
| 6 | Attorneys for Defendants |
| 7 | SSP AMERICA, INC. and SSP AMERICA LAX, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAMON WILSON-DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SSP AMERICA, INC., a California corporation; SSP AMERICA LAX, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:19-CV-4375<br><br>(Los Angeles County Superior Court Case No. 19STCV08579)<br><br>**DEFENDANTS SSP AMERICA, INC. AND SSP AMERICA LAX, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint Filed: March 13, 2019 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

**TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF TRAMON WILSON-DAVIS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants SSP AMERICA, INC. and SSP AMERICA LAX, LLC, hereinafter referred to as Defendants, hereby remove the above-entitled action brought by Plaintiff Tramon Wilson-Davis ("Plaintiff") in the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1331, 1441 and 1446 on the following grounds:

### STATEMENT OF JURISDICTION

This action is a civil action of which this Court has original jurisdiction under 29 U.S.C. § 185 and 29 U.S.C. 29 U.S.C. § 1001 *et seq.*, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c), in that it is a civil action that presents a federal question. As set forth below, this case meets all of Section 1331's requirements for removal, and is timely and properly removed by the filing of this Notice.

### VENUE

This action was filed in the Superior Court for the State of California in the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84, 1391, 1441, and 1446.

### PLEADINGS, PROCESS AND ORDERS

On March 13, 2019, Plaintiff filed a Class Action Complaint in the Los Angeles Superior Court in the State of California, entitled *Tramon Wilson-Davis v. SSP America, Inc., SSP America LAX, LLC and Does 1 through 20*, designated as Case No.: 19STCV08579 ("Complaint"). The Complaint alleges the following causes of action on behalf of Plaintiff and the putative class against Defendants: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal breaks; (4) failure to permit rest breaks; (5) failure to reimburse business expenses; (6)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

failure to provide accurate itemized wage statements; (7) failure to pay all wages due upon separation of employment; and (8) violation of Business and Professions Code §17200, *et seq*. On March 13, 2019, Plaintiff concurrently filed a Civil Case Cover Sheet. A summons also was issued by the Court on March 13, 2019. True and correct copies of the Summons, Complaint and Civil Case Cover Sheet are attached collectively as **Exhibit A** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court ("Visconti Decl."), filed concurrently herewith. Visconti Decl. ¶ 5, Ex. A.

On March 13, 2019, the Clerk filed the Notice of Case Assignment. A true and correct copy of the Notice of Case Assignment, blank Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution Information Package is attached as **Exhibit B** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 6, Ex. B.

On March 21, 2019, the Clerk filed an Initial Status Conference Order. A true and correct copy of the Order is attached as **Exhibit C** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 7, Ex. C.

On March 22, 2019, Plaintiff filed a Challenge to Judicial Officer. A true and correct copy of the Challenge is attached as **Exhibit D** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 8, Ex. D.

On March 25, 2019, the Clerk filed a Minute Order designating the case as complex. A true and correct copy of the Minute Order is attached as **Exhibit E** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 9, Ex. E.

On April 19, 2019, Defendant SSP America LAX, LLC was served with the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Complaint,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003          3.

Plaintiff's Peremptory Challenge to Judicial Officer, Initial Status Conference Order, Certificate of Mailing, March 25, 2019 Court Order designating the case as Complex, Notice of Case Assignment, blank Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution Information Package. True and correct copies of these documents are attached collectively as **Exhibits A-E** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 10, Exs. A-E.

On April 19, 2019, Defendant SSP America, Inc. was served with the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Complaint, Plaintiff's Peremptory Challenge to Judicial Officer, Initial Status Conference Order, Certificate of Mailing, March 25, 2019 Court Order designating the case as Complex, Notice of Case Assignment, blank Voluntary Efficient Litigation Stipulations, and Alternative Dispute Resolution Information Package. True and correct copies of these documents are attached collectively as **Exhibits A-E** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 11, Exs. A-E.

On April 25, 2019, Plaintiff filed Proofs of Service of Summons. True and correct copies of these documents are attached collectively as **Exhibit F** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 12, Ex. F.

On May 1, 2019, the Clerk filed a Court Order granting Plaintiff's Peremptory Challenged and reassigning the case to Judge Elihu M. Berle and a Certificate of Mailing for Minute Order. True and correct copies of these documents are attached as **Exhibit G** to the Declaration of Denise Visconti in Support of Defendants' Notice of Removal of Action to Federal Court, filed concurrently herewith. Visconti Decl. ¶ 13, Ex. G.

Pursuant to 28 U.S.C. § 1446(d), the aforementioned Exhibits A through G constitute all process, pleadings and orders served on or received by Defendants or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003        4.

filed in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Los Angeles or served by any party. To Defendants' knowledge, no proceedings related hereto have been heard in the Los Angeles County Superior Court. Visconti Decl. ¶¶ 14-15.

## TIMELINESS OF REMOVAL

An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant within 30 days of service on defendant of the initial pleading. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from when Defendants were served with the Summons, Complaint and First Amended Complaint and first became aware that the action was removable. 28 U.S.C. § 1446(b). Visconti Decl. ¶ 11.

## NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. Visconti Decl. ¶ 16.

## REMOVAL IS PROPER

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Claims that require substantial interpretation of a collective bargaining agreement ("CBA") between an employer and a union, or are substantially dependent upon that CBA, are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and thus arise under the laws of the United States. Thus, as is true in this

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

5.

case, claims that are preempted by Section 301 of the LMRA are removable under 28 U.S.C. § 1331.

### A. **As An Employee of SSP America at Los Angeles International Airport, Plaintiff's Employment Was Covered By A CBA.**

Plaintiff alleges in his Complaint that he worked for Defendants during "the relevant time periods". Complaint ¶ 10. Plaintiff began his employment with SSP America LAX, LLC on August 14, 2018 as a Utility. *See* Declaration of Pat Banducci ("Banducci Decl.") ¶ 3.

Shortly thereafter, beginning on December 12, 2018, and continuing through the present, SSP America entered into a collective bargaining agreement with UNITE HERE Local 11, AFL-CIO ("Local 11") ("SSP America CBA"). *See* Banducci Decl. ¶ 4, Ex. 1.

The SSP America CBA applies to the following positions: Barista, Bartender, Cashier, Food Service Worker, Host/Hostess, Skilled Cook, Line Cook, Prep Cook, Server, Utility/Dish, Lead, Warehouse and Driver. *See* Banducci Decl. ¶ 4, Ex. 1; *see also id.* ¶ 5. These positions represent the non-exempt employees who Defendants employed during the relevant time period, including Plaintiff, who, as stated above, worked as a Utility. *See id.* ¶¶ 6-7.

The SSP America CBA outlines:

- The wages to be paid to covered employee. *See* Banducci Decl. ¶ 4, Ex. 1, Schedule A, Minimum Classification Scales;

- The work schedules and overtime to be paid to covered employees. Specifically, the CBA provides:

    a. Seven and one-half hours within eight hours, including an unpaid meal period, shall constitute a day's work. At the option of the Employer, with notice to the Union, the Employer may institute by classification or shift, a nine and one-half hour shift of work within 10 hours, including an unpaid meal period, to constitute a day's work. In no way is this to be construed a guarantee of hours of work or shifts.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003                    6.

    b. Any work performed in excess of seven and one-half hours per day shall be compensated for at time and one-half of the regular rate of pay as designated in the schedule of wages except where a 10 hour day's work has been instituted, in which case time and one-half shall be paid after nine and one-half hours of work. Any work performed in excess of eleven and one-half hours per day shall be compensated for at two times the employee's rate of pay.

    c. Employees working a sixth day in their work week shall receive time and one-half their regular rate of pay for the sixth shift. Employees working on the seventh day in the work week shall receive double-time their regular rate of pay for the seventh shift. In the event a ten hour day is instituted four days shall constitute a normal work week and any employee working the fifth or sixth day shall be compensated at one and one-half times the regular rate of pay and double their regular rate of pay on the seventh day.

    d. Insofar as practical, ten hours must pass between the end of an employee's shift and the beginning of the employee's next shift. This provision will not apply in cases of emergency or upon mutual agreement between the Employer and the employee.

    e. Scheduling: When employees' regular schedules in a given work unit and classification are changed, the Employer will re-bid the schedules within that work unit and classification upon written request from the Union. Classification Seniority within said groups shall prevail in all such schedule bidding. Temporary student employees shall not be included in schedule bids. The Employer shall have the right to assign temporary student employees to fill vacancies on the schedules and to fill vacancies due to unanticipated short term staffing needs. Should "premium" schedules be created subsequent to the bid taking place, those schedules shall be offered to senior employees prior to being assigned to a temporary student employee. Schedules will not be re-bid except for legitimate business needs with the approval of the GM or his/her designee. Nothing contained in this section shall be construed to interfere with the Employer's right to establish the hours and days of operation and the number of employees to be scheduled. It is understood, however, that the Employer shall guarantee at least 70% of the positions within a classification to be scheduled at 40 hours per week and the Employer shall additionally endeavor to exceed this 70% minimum goal as practical within the context of the Employer's business needs.

See Banducci Decl. ¶ 4, Ex. 1, ARTICLE 5--HOURS OF WORK AND OVERTIME; ARTICLE 9--SENIORITY.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

7.

- The handling of meal and rest breaks.

*See* Banducci Decl. ¶ 4, Ex. 1, ARTICLE 5—HOURS OF WORK AND OVERTIME.

Local 11 is a labor organization in which all non-exempt employees who work for SSP America LAX, LLC at the Los Angeles International Airport participate and which exists for the purpose of dealing with employees concerning grievances, labor disputes, payment and amount of wages, rates of pay, hours of work, and conditions of work. *See* Banducci Decl. ¶¶ 8-9.

Based on Plaintiff's allegation that he was an employee of Defendants, the SSP America CBA has governed the terms and conditions of the entirety of Plaintiff's employment except for Plaintiff's first four months of employment. *See* Banducci Decl. ¶¶ 3-4. On December 10, 2018, SSP America and Local 11 also executed a Memorandum of Understanding regarding the effective date of the SSP America CBA. Banducci Decl. ¶ 10, Ex. 2. Finally, the SSP America CBA has been and is a contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**B.**   **Plaintiff's Claims Are Preempted By The LMRA Because They Require Substantial Interpretation Of The SSP America CBA.**

**1.**   **Plaintiff's Failure to Reference Section 301 Of The LMRA In His Complaint Does Not Preclude Removal**.

A plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint. *See Federal Tax Bd. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled on other grounds, Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009). Thus, the fact that Plaintiff has not made specific reference to Section 301 of the LMRA in his Complaint will not preclude removal. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). This Court may properly look beyond the face of the Complaint to determine whether the claims asserted are preempted by Section 301. *See Lippitt v. Raymond James*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003      8.

1  *Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court
2  may properly look to the facts stated in the Notice of Removal "to clarify the action a
3  plaintiff presents and to determine if it encompasses an action within federal
4  jurisdiction." *Schroeder*, 702 F.2d at 191.

5        An artfully pled state law claim is properly "recharacterized" as a federal claim
6  under the "complete preemption" doctrine, which provides that the preemptive force
7  of Section 301 of the LMRA "converts an ordinary state law complaint into one
8  stating a federal claim for purposes of the well-pleaded complaint rule" and is
9  removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987);
10 *Federal Tax Board*, 463 U.S. at 23 ("[I]f a federal cause of action completely
11 preempts a state cause of action, any complaint that comes within the scope of the
12 federal cause of action necessarily 'arises' under federal law").

13     **2.    Plaintiff's Claims Are Dependent On Interpretation And Analysis Of The Terms Of The SSP America CBA.**
14

15       Section 301 of the LMRA provides a basis for federal jurisdiction and
16 authorizes federal courts to develop a federal common law of CBA interpretation.
17 *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988); *Textile Workers*
18 *Union v. Lincoln Mills*, 353 U.S. 448, 451, 456 (1957); *Local 174, Teamsters of Am.*
19 *v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962). To ensure *uniform interpretations of*
20 *collective bargaining agreements*, federal law preempts the use of state contract law in
21 collective bargaining agreement interpretation and enforcement. *Lucas Flour Co.*,
22 369 U.S. at 103-04; *Lingle*, 486 U.S. at 411.

23       Although the language of Section 301 references "suits for violation of
24 contracts," no less authority than the United States Supreme Court has construed
25 Section 301 "quite broadly to cover most state-law actions that require interpretation
26 of labor agreements." *Associated Builders & Contractors*, 109 F.3d at 1356-57.
27 Thus, Section 301 preempts state law claims if their evaluation is "inextricably
28 intertwined" with consideration of the terms of a labor contract, or if those claims "are

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003     9.

substantially dependent on analysis and interpretation of a collective bargaining agreement. *See Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *Firestone v. Southern Cal. Gas Co.*, 219 F. 3d 1063, 1065 (9th Cir. 2000); *see also Caterpillar, Inc.*, 482 U.S. at 394.

To determine whether Section 301 preempts all or some of Plaintiff's claims, the court must inquire whether "the claims can be resolved only by referring to the terms of the collective bargaining agreement." *Young v. Anthony's Fish Grotto, Inc.*, 830 F.2d 993, 999 (9th Cir. 1987); *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 624 (1989) (the Court must "examin[e] the terms of the agreement, the elements of the [claim] involved, and the facts which defendant may assert in defense" to see if interpretation of the CBA is required to resolve Plaintiff's claims); *Hanks v. General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (the affirmative defenses must be considered in determining whether resolution of the state law claim requires construing the collective bargaining agreement). If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court. In rendering this analysis, the Court may properly look beyond the face of the Complaint to determine whether the claims are, in fact, Section 301 claims artfully pled to avoid federal jurisdiction. *See e.g., Young, supra*, 830 F.2d at 997.

Here, the only manner by which Plaintiff's claims for wages, overtime, meal and rest period violations, wage statement issues, and payment of final wages (and the derivative claims for penalties and unfair business practices) can be resolved is by analyzing and interpreting the relevant provisions of the collective bargaining agreement that govern these issues. Because analysis of the validity of Plaintiff's claims is substantially dependent on the interpretation of the SSP America CBA provisions, Plaintiff's claims arise under Section 301 of the LMRA and therefore are preempted by federal law. Accordingly, removal to federal court is warranted.

////

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

10.

3.  **Claims That Do Not Arise Under Section 301 Or Are Not Completely Preempted by Section 301 Are Within The Supplemental Jurisdiction Of This Court Under 29 U.S.C. § 1367(a).**

To the extent that certain of the claims alleged in the Complaint are not completely preempted by Section 301 of the LMRA, they are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

Wherefore Defendants hereby remove the civil action pending in the Superior Court of the State of California, County of Los Angeles to this honorable District Court.

Dated:   May 20, 2019

/s/ *Christina H. Hayes*
DENISE M. VISCONTI
CHRISTINA H. HAYES
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SSP AMERICA, INC. and SSP AMERICA LAX, LLC

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

FIRMWIDE:164092503.1 101383.1003

11.